# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6617 PA (SSx) | Date | January 23, 2018 |
|---|---|---|---|
| Title | Robert Sanchez v. Domino's Pizza, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The parties have not filed the Joint Scheduling Report required by Federal Rule of Civil Procedure 26(f), Local Rule 26, and the Court's Order Scheduling Meeting of Counsel and Setting Scheduling Conference dated December 6, 2017 ("Order Setting Scheduling Conference"). The Order Setting Scheduling Conference warns: "The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions."

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 – that defendant "may" move for dismissal – does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6617 PA (SSx) | Date | January 23, 2018 |
|---|---|---|---|
| Title | Robert Sanchez v. Domino's Pizza, et al. | | |

Here, in assessing the first <u>Henderson</u> factor, the public's interest in expeditious resolution of litigation, will be satisfied by a dismissal. <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (citing <u>Yourish</u>, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. <u>See</u> <u>id.</u>

The third <u>Henderson</u> factor at least marginally favors dismissal. Defendants may be further prejudiced unless the complaint is dismissed. <u>See</u> <u>Yourish</u>, 191 F.3d at 991; <u>Pagtalunan</u>, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth <u>Henderson</u> factors, this Court's Order Setting Scheduling Conference, as noted above, warned that "failure to submit a joint report in advance of the Scheduling Conference . . . may result in the dismissal of the action." Despite this warning, the parties failed to submit the required report. Additionally, the Court intends to dismiss this action without prejudice. Additionally, the Court's December 6, 2017 order notified the parties that all pretrial and trial dates would remain in effect. Accordingly, the fifth <u>Henderson</u> factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

As a result of the parties' violation of the Order Setting Scheduling Conference, this action is dismissed without prejudice. <u>See</u> Federal Rule of Civil Procedure 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986-88; <u>Ferdik</u>, 963 F.2d at 1260. The Scheduling Conference set for January 29, 2018, is vacated.

IT IS SO ORDERED.